**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ERICA FEBRIANTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 26-2716 (UNA) |
| | ) | |
| 2[ND] CIRCUIT CLERK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court GRANTS the application and, for the reasons discussed below, DISMISSES the complaint.

Plaintiff brings this action against Clerks of the Supreme Court and U.S. Court of Appeals for the Second Circuit and against a District Judge on the U.S. District Court for the Southern District of New York, and she demands damages for emotional distress. *See* Compl. at 2-3, 5. As best the Court can tell, plaintiff alleges that the clerks have refused to accept her filings and that the judge has ruled against her in a prior proceeding, supposedly in violation of her rights to exercise her religion and to engage in free speech. The Court concludes that judicial immunity bars these claims.

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *see Sindram v. Suda*, 986 F.2d 1459, 1460 (D. C. Cir.1993). "In determining whether a judge was acting in his judicial capacity, courts should look to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."

*Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (cleaned up), *aff'd*, No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015). Without question, dismissal of a civil action is an act a judge normally performs. *See Soto Santini v. Marxuach*, No. 23-cv-0091 (CKK), 2023 WL 315594, at *2 (D.D.C. Jan. 19, 2023) (concluding that judge's actions, such as "dismissing one of [plaintiff's] cases as against individual defendants, denying her motions, denying her appointed legal representation, and informing her that she did not properly serve defendants," are judicial acts immune from suit); *Thomas*, 61 F. Supp. 3d at 19 (finding that district judge "was clearly acting in his judicial capacity when he refused to file various court documents submitted by plaintiff," as "decision to file or deny a party's motions or requests is an action routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit"). Thus, the District Judge acted in his judicial capacity when he dismissed plaintiff's prior civil action, *see* Compl., Ex. (ECF No. 1 at 12-18, and is entitled to absolute judicial immunity from suit.

The absolute immunity that judges enjoy, *see Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"), extends to clerks of court performing "tasks that are an integral part of the judicial process," *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see Jones v. U.S. Supreme Court*, No. 10-0910, 2010 WL 2363678, at *1 (D.D.C. June 9, 2010) (concluding that court clerks are immune from suits for damages arising from activities such as the "receipt and processing of a litigant's filings"), *aff'd*, 405 F. App'x 508 (D.C. Cir. 2010), *aff'd*, 131 S. Ct. 1824 (2011); *Hurt v. Clerks, Superior Court of District of Columbia*, No. 06-cv-5308, 2006 WL 3835759, at *1 (D.C. Cir. Dec. 22, 2006) (per curiam) (affirming the dismissal of an action

against judicial clerks to whom absolute judicial immunity is extended); *Sindram*, 986 F.2d. at 1461 (citations omitted).

A separate Order will issue.

DATE: October 28, 2026

2026.10.28
09:52:33 -04'00'
TREVOR N. McFADDEN
United States District Judge